IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**STEVEN CRUMP,**

Plaintiff–Appellant,

v.

**UNIFIED GOVERNMENT OF JOHNSON COUNTY, et al.,**

Defendants–Appellees.

Appeal from the U.S. District Court for the District of Kansas

Case No. 5:24-cv-03036-EFM

Hon. Eric F. Melgren, Chief U.S. District Judge

# APPELLANT'S OPENING BRIEF

**Submitted by Steven Crump, Pro Se**

## TABLE OF CONTENTS

1. Jurisdictional Statement
2. Statement of the Issues
3. Statement of the Case
4. Summary of the Argument
5. Argument (by Count)
6. Conclusion
7. Certificate of Service

## 1. JURISDICTIONAL STATEMENT

This appeal is from a final order issued by the U.S. District Court for the District of Kansas on June 2, 2025, which granted summary judgment in favor of all defendants on all claims. The district court had jurisdiction under 28 U.S.C. §1331. Appellant timely filed a notice of appeal. This Court has jurisdiction under 28 U.S.C. §1291.

## 2. STATEMENT OF THE ISSUES
1. Whether the district court erred in granting summary judgment on Plaintiff's Fourteenth Amendment claim for deliberate indifference to serious medical needs (Count I).

2. Whether Plaintiff presented sufficient evidence to survive summary judgment on his Fourteenth Amendment cruel and unusual punishment claim (Count II).

3. Whether the district court erred in dismissing Plaintiff's Monell claim against Johnson County and VitalCore (Count III).

4. Whether the district court misapplied the standard for supervisory liability under §1983 (Count IV).

5. Whether Plaintiff's First Amendment retaliation claim raised genuine issues of material fact (Count V).

6. Whether Plaintiff's defamation claim (Count VII) had sufficient evidentiary support to preclude summary judgment.

7. Whether Plaintiff's allegations supported a claim for punitive damages (Count VIII).

8. Whether the district court erred in dismissing Plaintiff's ADA claim (Count IX).

9. Whether the state law claims for IIED and negligence (Counts X and XI) were wrongfully dismissed.

## 3. STATEMENT OF THE CASE
This case arises from Plaintiff's confinement at Johnson County Adult Detention Center following his arrest on July 4, 2023. Plaintiff suffered injuries from a beanbag round and K-9 bite. He brought multiple claims including medical indifference, failure to accommodate under

the ADA, cruel and unusual punishment, retaliation, defamation, and state law torts. The district court granted summary judgment on all counts.

## 4. SUMMARY OF THE ARGUMENT

The court failed to properly consider disputed material facts and applied the summary judgment standard in favor of defendants. Plaintiff provided medical grievances, body cam footage, medical records, and testimony challenging defendants' assertions. The dismissal of all claims disregarded this evidence and misapplied legal standards for pro se litigants.

## 5. ARGUMENT BY COUNT

### COUNT I – Deliberate Indifference

Plaintiff demonstrated serious medical needs resulting from spinal trauma and degenerative disease. He received delays in diagnostic imaging, inconsistent medication, and denial of reasonable accommodations (e.g., wheelchair, back brace). The district court ignored evidence showing medical staff disregarded his condition, in violation of *Mata v. Saiz*, 427 F.3d 745 (10th Cir. 2005).

### COUNT II – Cruel and Unusual Punishment

Plaintiff was forced to walk long distances in restraints, denied wheelchairs despite approval, and subjected to moldy, unsanitary cell conditions. Defendants' indifference to pain, unsafe restraints, and sanitation violations support a claim under *Helling v. McKinney*, 509 U.S. 25 (1993).

### COUNT III – Monell Claim

VitalCore and Johnson County maintained customs that denied specialist care, failed to accommodate disabilities, and discouraged second opinions. These systemic failures directly contributed to the denial of constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## COUNT IV – Supervisory Liability

Supervisors ignored grievances and upheld inadequate medical treatment. Their failure to act in light of repeated complaints meets the threshold in *Fogarty v. Gallegos*, 523 F.3d 1147 (10th Cir. 2008).

## COUNT V – First Amendment Retaliation

Plaintiff was written up and denied care after filing grievances and a lawsuit. Evidence includes denied dental appointments, withdrawal of approved accommodations, and disciplinary action. These retaliatory acts meet the test in *Douglass v. Garden City Cmty. Coll.*, 652 F. Supp. 3d 1329 (D. Kan. 2023).

## COUNT VII – Defamation

Medical staff labeled Plaintiff a malingerer, exaggerated medical conclusions, and included unsubstantiated behavioral accusations in his record. These caused reputational harm and bias in treatment. The district court erred in dismissing this without evaluating material facts.

## COUNT VIII – Punitive Damages

Given defendants' disregard of established medical norms and Plaintiff's deteriorating condition, punitive damages are warranted under *Smith v. Wade*, 461 U.S. 30 (1983).

## COUNT IX – ADA Violations

Despite having documented spinal impairments, Plaintiff was denied access to ADA showers, back brace, mobility support, and equal access to medical services. Denial of these accommodations violates *Crawford v. Windham*, 684 F. App'x 763 (10th Cir. 2017).

## COUNTS X & XI – IIED and Negligence

VitalCore, as a private contractor, is not shielded by KTCA procedural bars. Plaintiff filed over 60 grievances, satisfying exhaustion under *Ross v. Blake*, 578 U.S. 632 (2016). He alleged

mental distress from prolonged suffering, delays in care, and denial of mobility aids. These raise triable issues.

## 6. CONCLUSION

Appellant respectfully requests this Court reverse the summary judgment, reinstate all claims for trial, and remand for further proceedings consistent with a full evidentiary record.

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

**STEVEN CRUMP,**

Plaintiff–Appellant,

v.                                                                                     Case No. 5:24-cv-03036-EFM

**UNIFIED GOVERNMENT OF JOHNSON COUNTY, et al.,**

Defendants–Appellees.

## CERTIFICATE OF SERVICE

I certify that on this July day of June 13, 2025, I mailed a true and correct copy of this brief to:

**Clerk of Court**
U.S. Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

/s/ Steven Crump
Steven Crump, Pro Se
11016 Quivira Rd #1010
Overland Park, KS 66210



Steven Crump
11016 Quivira #1010
Overland Park KS 66210

U.S. Court of Appeal
Court Clerk
1823 Stout St.
Denver CO 80257

KANSAS CITY 640
14 JUL 2025 PM 3 L

Scanned by
US Marshal