**Case No. 25-3110**

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

---

**STEVEN CRUMP**
***Plaintiff-Appellant*,**

**v.**

**JOHNSON COUNTY BOARD OF COMMISSIONERS, et al.**
***Defendant-Appellees***

---

# CORRECTED JOINT BRIEF OF APPELLEES

---

**Appeal from the United States District Court for the District of Kansas**
**U.S. District Judge ERIC F. MELGREN**
**Case No. 5:24-CV-3036**

---

Kirk T. Ridgway, KS 17172
Connor M. Russo, KS 29826
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
9393 W. 110th Street, Suite 300
Overland Park, KS 66210
Office: (913) 339-6757 – Fax (913) 660-7919
Email: kridgway@fpsslaw.com
crusso@fpsslaw.com
ATTORNEYS FOR APPELLEES
The Board of County Commissioners of Johnson County, Kansas, Calvin Hayden, Deputy King, Deputy Salgado, Deputy Bell, Sgt. Cooley, Deputy Andrews, Captain M. Levin, and Lt. M. Weaver

And

John Hicks, #20474
Sarah Wood, #30111
NORRIS KEPLINGER HICKS & WELDER, LLC
115511 Ash Street
Becker Building, Suite 200
Leawood, KS 66211
(913) 663-2000/ (913) 663-2006 FAX
jh@nkfirm.com
swood@nkfirm.com

ATTORNEYS FOR APPELLEES
VitalCore Health Strategies, LLC, Danny Stanton, M.D., Viola Riggin, Jennifer Ehlrich, Tiffany McRoberts, APRN, Caryn Kunz, Kathleen Calloway, Rebecca Wall, RN, Nicole Balcius, and Lora Neely, RN

**ORAL ARGUMENT NOT REQUESTED**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 and Rule 28, corporate Defendant, the Board of County Commissioners of Johnson County, Kansas, is a governmental entity.

VitalCore Health Strategies, LLC is a limited liability corporation whose principal office is located at 719 SW Van Buren St., Suite 100, Topeka, KS 66603. More than 10% of its stock is owned by VitalCore Associates, LLC, whose principal office is located at the same address.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT .......................................................... i

STATEMENT OF PRIOR OR RELATED APPEALS ............................................1

JURISDICTIONAL STATEMENT ......................................................................1

STATEMENT OF THE ISSUES .........................................................................1

STATEMENT OF THE CASE.............................................................................2

A. Facts Relevant to Issues Submitted for Review ............................................2

SUMMARY OF THE ARGUMENT ....................................................................4

ARGUMENT .........................................................................................................5

I. Mr. Crump failed to submit evidence in an admissible form to raise a fact issue in support of his ADA claim. ..........................................................5

A. Standard of Review...................................................................................5

B. Argument ..................................................................................................7

II. Specifically, Summary Judgment was proper where Mr. Crump showed no admissible evidence to create a genuine issue as to whether he was a qualified individual with a disability...................................................................9

A. Standard of Review.................................................................................10

B. Argument ................................................................................................10

III. Summary Judgment was proper on Mr. Crump's ADA claim where he provided no admissible evidence showing he was excluded or denied—or was otherwise discriminated against—on the basis of a claimed disability. ...........12

A. Standard of Review.................................................................................12

B. Argument ....13

CONCLUSION ....16

STATEMENT OF COUNSEL AS TO ORAL ARGUMENT ....16

CERTIFICATE OF DIGITAL SUBMISSION ....18

STATEMENT OF COMPLIANCE OF TYPEFACE ....18

CERTIFICATE OF COMPLIANCE ....18

NOTICE OF ATTACHMENT ....18

CERTIFICATE OF SERVICE ....19

Attachment 1: April 3, 2025 District Court Memorandum and Order (Doc. 174)

Attachment 2: Appellees' Supplemental Appendix, Volume I

Attachment 3: Appellees' Supplemental Appendix, Volume II

## TABLE OF AUTHORITIES

**Cases**

*Argo v. Blue Cross & Blue Shield of Kansas, Inc*., 452 F.3d 1193, 1199 (10th Cir. 2006)....5, 7

*Bones v. Honeywell Int'l*, Inc., 366 F.3d 869, 875 (10th Cir. 2004)....9

*Bragdon v. Abbott,* 524 U.S. 624, 633 (1977)....11

*Breedlove v. Costner*, 405 F. App'x 338, 341 (10th Cir. 2010)....14

*Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)....15

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)....6

*Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.,* 619 F.3d 1223, 1232 (10th Cir. 2010)....6

*Coleman v. Blue Cross Blue Shield of Kan*., 487 F. Supp. 2d 1225, 1237 (D. Kan. 2007)....7

*Coleman v. Blue Cross Blue Shield of Kansas, Inc*., 287 F. App'x 631 (10th Cir. 2008)....7

*Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1276 (10th Cir. 2022). 10, 15

*Fitzgerald v. Corr. Corp. of Am*., 403 F.3d 1134, 1144 (10th Cir. 2005).... 13, 14

*Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1082 n. 5 (10th Cir.1999)....7

*Hockaday v. Colorado Dep't of Corr.*, 766 F. App'x 572, 575 (10th Cir. 2019)....15

*Howell v. New Mexico Dep't of Aging & Long Term Servs*., 398 F. App'x 355, 359 (10th Cir. 2010) ....................9

*Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003)....................5, 6

*Lawler v. QuikTrip Corp*., 172 F. App'x 873, 877 (10th Cir. 2006)....................12

*Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc*., 685 F.3d 977, 981 (10th Cir. 2012) ....................6

*Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015)....................16

*Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012)....................14

*Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)....................7

*Ogden v. San Juan Cnty*., 32 F.3d 452, 455 (10th Cir. 1994) ....................7

*Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.,* 619 F.3d 1223, 1232 (10th Cir. 2010)....................6

*Phillips v. Calhoun*, 956 F.2d 949, 951 n. 3 (10th Cir.1992) ....................9

*Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1230 (10th Cir. 1999)....................11

*Portley-El v. Milyard*, 365 F. App'x 912, 915 (10th Cir. 2010) ....................9

*Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.1999)....................9

*Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)....................10

*RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) ....................6

*Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1104 (10th Cir. 2008) ........................5

*Stanley v. City of Sanford, Fla.*, 606 U.S. 46, 54 (2025) ........................................11

*Utah Animal Rts. Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1242 (10th Cir. 2009) ...5

**Statutes**

28 U.S.C. 1746 ............................................................................................8

42 U.S.C. § 12102(1) ...................................................................................11

42 U.S.C. § 12132 .......................................................................................10

**Rules**

D. Kan. Rule 56...........................................................................................7

**Regulations**

29 C.F.R. pt. 1630 .......................................................................................11

42 Fed.Reg. 22685 .......................................................................................11

45 C.F.R. pt. 84 ...........................................................................................11

## STATEMENT OF PRIOR OR RELATED APPEALS

There are no prior or related appeals.

## JURISDICTIONAL STATEMENT

Mr. Crump's second amended complaint alleged numerous deprivations of his civil rights and liberties, including § 1983 claims and a Title II claim under the ADA, all stemming from his incarceration in Johnson County, Kansas, which began on July 4, 2024. The District Court had original jurisdiction pursuant to 28 U.S.C. § 1331 and 1343.

Mr. Crump appeals from a June 2, 2025, memorandum and order granting summary judgment to all defendants. Final judgment disposing of all parties' claims was also entered by the District Court on June 2, 2025. Mr. Crump filed a timely notice of appeal on June 30, 2025. Accordingly, this Court has jurisdiction over Mr. Crump's appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I. Whether Mr. Crump provided any evidence in an admissible form to raise a genuine issue of material fact under any ADA element in opposition to summary judgment proceedings.

II. Whether Mr. Crump specifically presented any evidence in an admissible form in response to summary judgment that raised a genuine issue about him being regarded as a qualified individual with a disability.

III. Whether Mr. Crump specifically presented any evidence in an admissible form in response to summary judgment which raised a genuine issue about him being excluded from any program or service because of his claimed disabilities.

## STATEMENT OF THE CASE

### A. Facts Relevant to Issues Submitted for Review

On July 4, 2023, Mr. Crump was arrested by Olathe, Kansas Police after starting an altercation with officers. He was then incarcerated at the Johnson County Adult Detention Center ("JCADC") beginning on July 4, 2023. Supp. App., Vol. II, p. 105. He was incarcerated at the JCADC at all times relevant to this civil action.

At Mr. Crump's initial medical screening, he was noted to have contusions on his back from a bean bag round, staples in his leg from a K9 bite, and blisters on his feet. Supp. App. Vol. II, p. 5. Immediately thereafter, Medical began treating his injuries and complaints, which included pain medications and antibiotics, as well as a wheelchair to allow the blisters on his feet to heal. Supp. App., Vol. II, p. 9-10. While Mr. Crump had the wheelchair, he was placed into medical segregation. Supp. App., Vol. II, 110.

By July 8, 2023, medical staff inquired with Mr. Crump about leaving medical segregation, which necessarily required returning the wheelchair. Supp. App., Vol. II, p. 113. In order to leave medical segregation, Crump agreed. Supp. App., Vol. II,

p. 110. He continued to receive treatment for his blisters and calf, which medical staff determined were healing without infection being present. Supp. App., Vol. II, 514. As of July 20, 2023, medical staff noted that Mr. Crump no longer required the wheelchair, finding that the blisters on his feet had healed and he had been walking to medical. Supp. App., Vol. II, p. 66.

Following Mr. Crump's initial treatments, he was routinely evaluated and treated by medical staff for injuries, including provision of routine medication prescriptions, muscle rubs, and medical accommodations (additional blankets, on August 15, 2023; a handicapped shower on September 1, 2023; a walking cane on November 7, 2023; and a wheelchair, subject to medical approval, on December 6, 2023). Supp. App., Vol. II, p. 47; App. 80. Further, Crump's back was imaged via x-ray, CT scan, and MRI. Supp. App., Vol. II, p. 38; Supp. App., Vol. II, p. 120; App. 184. None of the imaging showed any significant abnormalities apart from mild scoliosis and minimal to mild degenerative changes. App. 184.

On August 30, 2023, Mr. Crump submitted a medical request for use of a handicapped shower. Supp. App., Vol. I, p. 58. Although Crump's request was initially denied, he was permitted to use a handicapped shower with support bars by the next day, September 1, 2023. Supp. App., Vol. I, pp. 58-59; Supp. App., Vol. II, p. 101.

On August 12, 2024, Mr. Crump filed his Complaint against Appellees. App. 8. On August 23, 2024, Crump filed his First Amended Complaint. App. 12. Importantly, at no time during his incarceration was Mr. Crump denied any programs or services available at the JCADC because of his injuries. At no time did he ever complain about any supposed denial. App. 8; App. 12.

After answering, Defendants moved for summary judgment on January 22, 2025 (Johnson County Defendants) and February 7, 2025 (VitalCore Defendants). In opposition, Mr. Crump filed unsworn affidavits by himself and an inmate O'Keefe on February 24, 2025. App. 22. Mr. Crump subsequently filed two additional affidavits opposing summary judgment; on February 25, 2025, and on March 18, 2025. App. 22; App. 24. These affidavits were properly struck by the Court on April 3, 2025, for failure to comply with 28 U.S.C. 1746. App. 68-70. Ultimately, Defendants' summary judgment motions were granted by the District Court on June 2, 2025. Supp. App., Vol. I, p. 63. Mr. Crump timely appealed.

## SUMMARY OF THE ARGUMENT

Mr. Crump failed to submit evidence in an admissible form to controvert any of Defendants' material facts. Thus, there was no genuine issue of material fact as to any of Crump's ADA claims and summary judgment was proper.

In particular, Crump specifically failed to bring forth admissible evidence to show he was, or was regarded as, a qualified individual with a disability.

As to his accommodations argument, Mr. Crump specifically failed to present any admissible evidence to raise a genuine issue about him being excluded from any program or service of the JCADC, or that any exclusion was because of a supposed disability.

## ARGUMENT

### I. Mr. Crump failed to submit evidence in an admissible form to raise a fact issue in support of his ADA claim.

#### A. Standard of Review

Ordinarily, this Court reviews summary judgment decisions de novo, applying the same legal standard as the district court. *Utah Animal Rts. Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1242 (10th Cir. 2009) (*citing Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1104 (10th Cir. 2008)).

However, as in this appeal, when ruling on a district court's evidentiary rulings at the summary judgment stage, the appellate court reviews the decisions for abuse of discretion. *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (*citing Jones v. Barnhart*, 349 F.3d 1260, 1270 (10th Cir. 2003)). In *Argo*, this Court considered the granting of summary judgment for an "especially weak Title VII sex discrimination claim." *Id.* at 1195. On appeal, the Court considered whether the District Court properly refused to consider an affidavit which did not comply with D. Kan. Local Rule 56.1 or Fed. R. Evid. 602. *Id.* at 1200. This Court specifically found that the District Court did not abuse its discretion in striking

the noncompliant portions of the affidavit for purposes of summary judgment. In *Jones*, this Court considered whether a District Court abused its discretion in considering only admissible portions of a declaration, when much of it contained inadmissible and irrelevant elements. 349 F.3d at 1270. Relying on the difficulty to strike an entire affidavit, the Court found that it is not an abuse of discretion to disregard inadmissible evidence. *Id.*

An abuse of discretion is characterized as “an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.” *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc*., 685 F.3d 977, 981 (10th Cir. 2012); (*quoting RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009)). Put differently, under the abuse-of-discretion standard, a trial court’s decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. *Id.* (*citing Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.,* 619 F.3d 1223, 1232 (10th Cir. 2010)).

As for a district court’s summary judgment rulings, evidentiary support need not be submitted in a form that would be admissible at trial. *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). However, inadmissible statements in any form need not be considered. *Argo*, 452 F.3d at 1199; *see also Hardy v. S.F. Phosphates Ltd. Co.*, 185 F.3d 1076, 1082 n. 5 (10th Cir.1999).

**B. Argument**

Pursuant to D. Kan. Rule 56, any facts that are not controverted by a readily identifiable portion of the record are deemed admitted. *Coleman v. Blue Cross Blue Shield of Kan*., 487 F. Supp. 2d 1225, 1237 (D. Kan. 2007), *aff'd sub nom. Coleman v. Blue Cross Blue Shield of Kansas, Inc*., 287 F. App'x 631 (10th Cir. 2008). While *pro se* pleadings are construed liberally, Mr. Crump's *pro se* status does not excuse his obligation to comply with this fundamental requirement. *Ogden v. San Juan Cnty*., 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994).

In this case, the District Court found that Mr. Crump failed to comply with Local Rule 56.1(b), in that he neither controverted the Defendants' statement of facts, nor did he include his own statement of facts. Supp. App., Vol. I, p. 64-65, fn. 1. This alone warrants affirmation of the District Court in the instant appeal.

On appeal, Crump argues that he put forth materials contesting: (1) that he lacked a handicapped shower for a single day; and (2) that he was forced to walk to obtain medication and lacked access to a handicapped cell. *Appellant's Brief*, pp. 19, 20.

To oppose summary judgment, Mr. Crump submitted four unsworn, defective affidavits. On February 24, 2025, he submitted his own affidavit, along with the

affidavit of an inmate O'Keefe. App. 22.[1] Neither of these were sworn or verified. They were properly struck by the Court on April 3, 2025, for failure to comply with 28 U.S.C. 1746. App. 68-70 ("… because Plaintiff's affidavits are in the wrong form and could not be considered by the Court, they fit the definition of immaterial. As such, the Court acts within its discretion to strike them.").

Mr. Crump submitted two additional affidavits in opposition to summary judgment. One on February 25, 2025, and the second on March 18, 2025. App. 22, 24. These affidavits were also unsworn and unverified. Accordingly, the District Court struck these defective affidavits for the same reason. App. 68-70.

The District Court did not abuse its discretion in refusing to consider the defective affidavits as they wholly failed to comply with 28 U.S.C. § 1746. This Court has found that, when such a declaration does not include any statement as to its veracity, nor made under penalty of perjury, nor notarized, it cannot be considered. *Howell v. New Mexico Dep't of Aging & Long Term Servs*., 398 F. App'x 355, 359 (10th Cir. 2010) (unsworn declaration that lacked signature and attestation was not within the range of evidence that could be considered on summary judgment); *Portley-El v. Milyard*, 365 F. App'x 912, 915 (10th Cir. 2010) (failure to provide a declaration "under penalty of perjury," in compliance with 28 U.S.C. §

[1] Mr. Crump attempts to use the same affidavit on appeal, at App. 229. However, it too was properly disregarded by the Court for being unsworn and unverified, in violation of 28 U.S.C. § 1746.

1746, prevented Plaintiff from enjoying benefit of prison mailbox rule). Accordingly, the statements could not serve to create a genuine issue of material fact, and Mr. Crump's reliance upon them here is erroneous.

Mr. Crump's remaining allegations amount solely to self-serving allegations of his conditions made to medical staff, unsupported by any mandatory documents or attestations to their accuracy or veracity. *See* App. pp. 220-221, 226-227, 178-179, and 75. None of them are stated to be true or accurate, and Plaintiff's own unsworn, unverified allegations cannot overcome summary judgment alone. *Bones v. Honeywell Int'l*, Inc., 366 F.3d 869, 875 (10th Cir. 2004); *see also Phillips v. Calhoun*, 956 F.2d 949, 951 n. 3 (10th Cir.1992) (unsubstantiated allegations carry no probative weight in summary judgment proceedings); *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.1999) (to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise).

In this instance, the District Court did not abuse its discretion when refusing to consider Mr. Crump's statements. As a result, Mr. Crump failed to controvert any material facts from the Defendants and failed to otherwise establish genuine issues of material fact. Accordingly, the District Court's ruling should be affirmed.

## II. Specifically, Summary Judgment was proper where Mr. Crump showed no admissible evidence to create a genuine issue as to whether he was a qualified individual with a disability.

**A. Standard of Review**

The Court below refused to consider Crump's inadmissible, unsworn affidavits submitted in opposition to summary judgment. The Court then granted summary judgment on his ADA claims because they lacked evidentiary support. Accordingly, this Court's standard of review is for abuse of discretion. See Standard of Review, Section I.A, *supra.*

**B. Argument**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1276 (10th Cir. 2022) (*citing* 42 U.S.C. § 12132). To prevail on this claim, Mr. Crump must show, *inter alia,* that he is a "qualified individual with a disability." *Id.* (*citing Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007)).

On appeal, Mr. Crump alleged he qualified as disabled and that he "introduced credible evidence that he was substantially limited in life activities" such as "caring for oneself, sleeping, walking, standing, and bending." *Appellant's Brief,* p. 14. However, there was no admissible evidence supporting such allegations.

To be qualified with a disability under the ADA, a Plaintiff must have a "physical or mental impairment that substantially limits one or more major life activities of such individual," a record of such an impairment, or are regarded as having such an impairment. 42 U.S.C. § 12102(1).[2] An ADA plaintiff bears the burden of proving that he or she is a qualified individual. *Stanley v. City of Sanford, Fla*., 606 U.S. 46, 54 (2025).

Crump failed to make this showing. Based on the admissible evidence, Mr. Crump was merely experiencing back pain. There was simply no evidence of any qualifying temporary or permanent disability. Rather, the uncontroverted evidence shows Crump: (1) had minor arthritis and scoliosis, but otherwise no other noticeable

[2] When the Department of Health and Human Services issued regulations defining impairment under the ADA, it adopted the Rehabilitation Act regulations without change. *See* 29 C.F.R. pt. 1630, app. at 347. A physical or mental impairment is: Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine. *Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1230 (10th Cir. 1999).

Although this definition is not meant as a comprehensive enumeration, the commentary accompanying the Rehabilitation Act regulations "contains a representative list of disorders and conditions constituting physical impairments, including 'such diseases and conditions as orthopedic, visual, speech, and hearing impairments, cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, mental retardation, emotional illness, and ... drug addiction and alcoholism.' " *Bragdon v. Abbott,* 524 U.S. 624, 633 (1977) ((quoting 42 Fed.Reg. 22685); *reprinted in* 45 C.F.R. pt. 84, app. A at 334 (1997)).

injuries; and (2) was ambulatory and capable of independently functioning, despite his complaints. Supp. App., Vol. II, p. 63. Mr. Crump offered no materials of any medical evaluations or effects which revealed a qualifying disability, even a temporary one. *Lawler v. QuikTrip Corp*., 172 F. App'x 873, 877 (10th Cir. 2006) (finding that arthritis, alone, is insufficient to sustain an ADA claim where there was no evidence of the arthritis limiting plaintiff's life activities). In this case, there was simply no legitimate evidence upon which the Court could rely to support Crump's allegations about a disability.

Importantly, it is not disputed that Mr. Crump received medical accommodations based on his injuries, such as for his back pain, or blisters, but there is no evidence those were provided because Mr. Crump was perceived as a qualified individual. Rather, such accommodations were provided in furtherance of treatment for Mr. Crump's injuries. As the District Court correctly held, such medical treatment does not support a showing that Crump was considered a qualified individual with a disability under the ADA. Supp. App., Vol. I, p. 86 (*citing Fitzgerald v. Corr. Corp. of Am*., 403 F.3d 1134, 1144 (10th Cir. 2005)). That holding should not be disturbed on appeal.

## III. Summary Judgment was proper on Mr. Crump's ADA claim where he provided no admissible evidence showing he was excluded or denied—or was otherwise discriminated against—on the basis of a claimed disability.

### A. Standard of Review

The Court below refused to consider Crump's inadmissible, unsworn affidavits submitted in opposition to summary judgment. The Court then granted summary judgment on his ADA claims because they lacked evidentiary support. Accordingly, this Court's standard of review is for abuse of discretion. See Standard of Review, Section I.A, *supra*.

**B. Argument**

In the District Court, Mr. Crump alleged he was denied a handicapped shower, required to walk to medical to receive medication, not placed in a handicapped cell, and denied a back brace and wheelchair. Supp. App., Vol. I, p. 85. The District Court correctly found that Crump's claims of "discrimination" were "without support," and that he "provide[d] no evidence beyond his assertions about inmates being made to walk to receive medication or that he was denied a handicapped cell." Supp. App., Vol. II, p. 24.

On appeal, Crump focuses on these three issues: (1) that he submitted evidence to controvert that he was denied a handicapped shower for only a single day; (2) that he submitted evidence that he was required to walk to receive medication or denied a handicapped cell; and (3) that being denied a back brace and wheelchair are not "medical decisions," and such denials are within the scope of the ADA. *Appellant's Brief*, p. 19.

However, these issues do not address his central underlying problem: Mr. Crump's supporting statements were incompetent and inadmissible, and the District Court could not consider them to either controvert Defendants' material facts or to support his own assertion that he was denied services. The Court properly struck all of Crump's affidavits. *See* App. 68-70. This Court should find that the District Court did not abuse its discretion in striking those affidavits.

Aside from a complete lack of evidence to support his ADA claims, Defendants readily acknowledge Mr. Crump received medical care. However, Defendants emphasize that this medical care does not support purported discrimination or that it was based on a supposed disability. While disabled persons are entitled to reasonable accommodation during incarceration, this Court has found that the ADA does not generally provide an avenue for prisoners to challenge medical care. *See Fitzgerald*, 403 F.3d at 1144; *Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012); *Breedlove v. Costner*, 405 F. App'x 338, 341 (10th Cir. 2010). Failure to provide medical treatment the inmate desires is simply not actionable under the ADA. *Nasious*, 495 F. App'x at 902; *see also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (stating the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; [plaintiff] was not treated worse because he was disabled… the ADA does not create a remedy for medical malpractice.").

The fundamental issue with Mr. Crump's remaining allegations is also present here: None of the materials he submitted to support these three issues were admissible. There is no evidence of any specific service Crump wanted access to and was denied due to a disability. Rather, he alleges he was denied access to medical devices, such as back braces, wheelchairs, or extra mattresses to treat an injury. Such medical accommodations are not services or programs for which the ADA guarantees access. *Est. of Beauford*, 35 F.4th at 1276; *see also Hockaday v. Colorado Dep't of Corr.*, 766 F. App'x 572, 575 (10th Cir. 2019) (unpublished opinion) (failing to provide medically necessary accommodations such as braces, shoes or inserts insufficient to establish denial of services, programs, or activities); *see also Bryant*, 84 F.3d at 249 (noting that the prisoner did not complain "of being excluded from some prison service, program, or activity, for example an exercise program that his paraplegia would prevent him from taking part in without some modification of the program"); *Fitzgerald,* 403 F.3d at 1144 (prison doctor's recommendation to do nothing to treat the plaintiff's injuries was a "purely medical decision[ ]" that did not fall within the ADA's scope). In *Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015), this Court found that an inmate who alleged needing a cane or walker, and not receiving one from the jail in a timely manner, could not sustain a claim under Title II of the ADA because he failed to allege that he was excluded from any service, program or activity on the basis of his disability.

Because Mr. Crump wholly failed to provide evidence of any program or service for which he was excluded, or that any discrimination was based on a disability, the District Court did not abuse its discretion in finding that Crump failed to controvert any material facts or supply any that supported his allegation that he was denied any program or service due to any alleged disability. This Court should hold that the District Court did not abuse its discretion.

## CONCLUSION

The District Court correctly struck Mr. Crump's four affidavits submitted in opposition to summary judgment proceedings. As a result, Crump failed to provide any evidence in an admissible form to oppose summary judgment. There was no legitimate evidence in the record to support his ADA claim. Specifically, there was no evidence to raise a genuine issue of fact as to whether he was a qualified individual with a disability. There was no evidence to raise a genuine of fact as to whether he was denied any services or benefits, much less that it was because of a purported disability. The denial of a back brace and wheelchair were medical decisions that cannot support an ADA claim. For the reasons set forth above, the District Court correctly granted judgment as a matter of law to the Defendants in this matter. The decision should be affirmed.

## STATEMENT OF COUNSEL AS TO ORAL ARGUMENT

Oral argument is not requested.

Respectfully submitted,

*/s/ Kirk T. Ridgway*

Kirk T. Ridgway, KS 17172
Connor M. Russo, KS 29826
Fisher, Patterson, Sayler & Smith, LLP
9393 W. 110th Street, Suite 300
Overland Park, KS 66210
(p) (913) 339-6757
(f) (913) 660-7919
kridgway@fpsslaw.com
crusso@fpsslaw.com
*Attorneys for Defendant-Appellees*
*The Board of County Commissioners*
*Of Johnson County, Kansas, Calvin Hayden,*
*Deputy King, Deputy Salgado, Deputy Bell,*
*Sgt. Cooley, Deputy Andrews,*
*Captain M. Levin, and Lt. M. Weaver*

**NORRIS KEPLINGER**
**HICKS & WELDER, LLC**

By: */s/ Sarah Wood*

John Hicks, jh@nkfirm.com, #20474
Sarah Wood, swood@nkfirm.com #30111
11551 Ash Street
Becker Building, Suite 200
Leawood, KS 66211
(913) 663-2000/ (913) 663-2006 FAX
**ATTORNEYS FOR APPELLEES VITALCORE HEALTH STRATEGIES, LLC, DANNY STANTON, M.D., VIOLA RIGGIN, JENNIFER EHLRICH, TIFFANY MCROBERTS, APRN, CARYN KUNZ, KATHLEEN CALLOWAY, REBECCA WALL, RN, NICOLE BALCIUS, AND LORA NEELY, RN**

## CERTIFICATE OF DIGITAL SUBMISSION

No privacy redactions were necessary in this document. The document submitted in digital form is an exact copy of the written document filed with the Clerk. The Document is a native PDF document. The digital submission has been scanned for viruses with the most recent version of a commercial virus program, Datto AV, and according to the program, is free of viruses.

## STATEMENT OF COMPLIANCE OF TYPEFACE

The Corrected Joint Brief of Appellees filed today is in compliance with 10th Cir. R. 32. The font used in the Joint Brief of Appellees is Times New Roman 14-point font.

## CERTIFICATE OF COMPLIANCE

The words used in the foregoing brief, exclusive of the cover, table of contents, table of authorities, statement regarding oral argument, signature block, and the certificates of service and compliance, have been counted via use of Word for Microsoft 365. The portions of the brief not specifically excluded above contain 3,814 words.

## NOTICE OF ATTACHMENT

Attachment 1: April 3, 2025, Memorandum and Order (Doc. 174).

Attachment 2: Appellees' Supplemental Appendix, Vol. I

Attachment 3: Appellees' Supplemental Appendix, Vol. II

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of August, 2026, I caused the foregoing to be electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all parties by the operation of the Court's electronic filing system and served on all counsel of record via CM/ECF.

*/s/ Kirk T. Ridgway*
Kirk T. Ridgway